891 F.2d 286
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Suleiman ALI, a/k/a Larry E. Wallace, Petitioner-Appellant,
v.
David CHESTER; Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 89-6516.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Nov. 9, 1989.
Rehearing and Rehearing In Banc Denied Dec. 19, 1989.
 
 Gibran Tabriq Suleiman Ali, appellant pro se.
 Barry Steven McNeill (Office of the Attorney General), for appellee.
 Before DONALD RUSSELL, K.K. HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gibran Tabriq Suleiman Ali seeks to appeal the district court's dismissal of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. He asserts as grounds for relief that he was denied the effective assistance of counsel because his trial attorney failed (1) to investigate adequately and present his alibi defense, (2) to present witnesses that would have called into question the motives of the detective investigating the case and the impartiality of the identification procedure used by the detective, (3) to contact a key defense witness in a timely fashion, resulting in the witness' inability to identify Ali at trial, and (4) coerced Ali into agreeing not to testify at the last moment, although the defense strategy had been for him to testify.
 
 
 2
 Ali received a full and fair hearing of the merits of these claims in state court. He was represented by counsel and his presentation of evidence was not restricted in any fashion. The state court's factual findings resulting from that hearing are adequately supported by the record and presumed to be correct, Sumner v. Mata, 449 U.S. 539 (1981); 28 U.S.C. § 2254(d), and are dispositive of most of Ali's claims.
 
 
 3
 Claiming his attorney was ineffective for failing to investigate adequately his alibi defense, Ali contends that his attorney failed to contact and subpoena Fred King, Manya Heard, and Sandra Holley, all of whom were critical to his defense. However, the state court found that Ali failed to tell his attorney about Heard and King pretrial, and failed to tell his attorney pretrial anything about Holley that would have suggested the need for further investigation. These findings preclude the conclusion that the attorney was ineffective for failing to investigate or present these witnesses. Similarly, the state court's findings that Ali failed to advise his attorney pretrial of the existence of Robert Morrow, and that there was no evidence to support Ali's allegations concerning the substance of Paula Brown's testimony, as she was not called to testify at the hearing or at trial, are dispositive of Ali's claim that his attorney was ineffective for not challenging the impartiality of the detective investigating the crime or the identification procedure used by the detective. Finally, the state court's finding that there was no evidence of duress or breach of the attorney-client privilege that resulted in Ali not testifying forecloses relief on the ground that Ali's attorney coerced him into not testifying at trial.
 
 
 4
 As his final contention of ineffective assistance, Ali claims that his attorney was ineffective for failing to arrange a face-to-face meeting between Ali and an important alibi witness pretrial. The witness, who testified at trial, was unable to identify positively Ali, and thus could not fully corroborate Ali's alibi. Ali believes that had an earlier meeting between the witness and Ali been arranged, the witness' memory would have been refreshed and it is much more likely that the witness would have been able to identify Ali at trial. Although evidence on this claim was presented at the state hearing, it appears that the state court did not make any factual findings relating to this issue. Nevertheless, the claim still must fail because Ali offers nothing to support his conjecture that the witness would have been more likely to remember Ali had a meeting been arranged between the time Ali claims to have first told his attorney about the witness and trial.*
 
 
 5
 Accordingly, we deny a certificate of probable cause and dismiss Ali's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 *
 Similarly, we find that Sandra Holley's arrest records would have contributed little, if anything, to the testimony presented on Ali's behalf at trial and that the performance of Ali's attorney cannot be deemed unreasonable because he failed to introduce these records